

**FILED**

**May 29, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:45 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Katlyn N. McLaurin | ) | Docket No.  2017-03-1133 |
| | ) | |
| v. | ) | State File No. 69883-2017 |
| | ) | |
| AT&T Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

### Affirmed and Remanded – Filed May 29, 2018

---

In this interlocutory appeal, the trial court determined the employee had come forward with sufficient evidence to show a likelihood of prevailing at trial in establishing entitlement to temporary disability benefits arising from a work-related mental injury. The employer appealed, asserting the employee failed to meet her burden of proof at the expedited hearing. In response, the employee asks that we find this appeal frivolous and award attorneys' fees. We affirm the decision of the trial court, find the appeal is not frivolous, and remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, AT&T Services, LLC

Timothy Roberto, Knoxville, Tennessee, for the employee-appellee, Katlyn N. McLaurin

### Factual and Procedural Background

Katlyn McLaurin ("Employee"), a resident of Knox County, Tennessee, worked for AT&T Services, LLC/Direct TV ("Employer") as an installation technician.[1] On September 8, 2017, Employee was dispatched to a customer's residence for an installation job. When the customer opened the door, he pointed a gun at Employee and, using threatening and profane language, demanded she leave his property immediately.

---

[1] In the record, Employer is alternately referred to as "AT&T," "Direct TV, LLC," "AT&T Services, Inc.," "Direct TV," and "AT&T Services, LLC."

Employee ran back to her vehicle and drove away from the residence. She contacted Employer and reported the confrontation. Thereafter, she contacted the Knox County Sheriff's office, which sent an officer to take Employee's statement and write a report.

The following day, apparently in response to Employee's request for medical treatment, Employer instructed Employee to seek treatment from her primary care physician. Following her visit to Halls Family Physicians, Employee was provided a panel of physicians from which she selected the University of Tennessee Medical Center ("UT Medical Center"). On September 12, 2017, the UT Medical Center physician diagnosed Employee with post-traumatic stress disorder ("PTSD") and referred her to Cherokee Health. There, she was seen and treated by Dr. Jenny Macfie, a clinical psychologist. Dr. Macfie also diagnosed PTSD and restricted Employee from working.

On October 2, 2017, Employee was informed that her claim for workers' compensation benefits had been denied as of September 28, 2017. Thereafter, however, Employer completed additional investigation and agreed to accept Employee's claim as compensable. An Agreed Order was entered on December 8, 2017, reflecting Employer's agreement to authorize reasonable and necessary medical treatment for Employee's work-related condition. This order left unresolved the issue of temporary disability benefits.

In response to Employee's request for an expedited hearing, in which she sought a decision on the record without an evidentiary hearing, Employer indicated it had no objection to an on-the-record determination. Employer further asserted that Employee had not met her burden of proving entitlement to temporary disability benefits because the provider who took Employee out of work was not a physician.

On March 1, 2018, Employee submitted a "supplemental brief" in support of her request for expedited hearing and included as an exhibit a response from Dr. John Robertson, the authorized physician who saw Employee after Employer agreed to authorize medical treatment. In his response to Employee's counsel's inquiry, Dr. Robertson indicated as follows: (1) he agreed Employee had suffered a psychological injury; (2) he agreed with the psychologist's recommendation that Employee not return to work after the incident; and (3) he believed Employee should remain off work due to her PTSD from the date of the incident "until further notice" from his office.

In response to Employee's supplemental brief and exhibits, Employer argued that Employee "woefully fail[ed] to meet her burden of proof under the statute in order to demonstrate she is entitled to temporary total disability benefits." Employer asserted that some providers had indicated Employee was capable of returning to work and that the inquiry to Dr. Robertson was "either poorly drafted or intentionally calculated to provide misleading information to the ATP." Specifically, Employer argued: (1) that Dr. Robertson's opinion was based in part on an opinion from a psychologist, who was not

2

legally competent to offer an opinion on "disability and causation"; and (2) the October 25, 2017 medical note from Cherokee Health indicated Employee was capable of returning to work as of November 1, 2017, thereby rendering the information contained in the letter to Dr. Robertson inaccurate.

In its order resolving Employee's request for expedited hearing, the trial court acknowledged the conflicting information regarding Employee's ability to return to work. However, the trial court also noted that the October 25 note from Cherokee Health, on which Employer relied, was electronically signed by an individual "with no identification of his qualifications, the care he was providing, or for which condition he provided the care." The trial court also noted that Dr. Robertson's responses to questions 1 and 3, without considering the arguably inaccurate or incomplete information in question 2, were sufficient to support Employee's claim for temporary benefits, especially in light of the lesser standard of proof at an expedited hearing.[2] As a result, the trial court concluded Employee had come forward with sufficient evidence to indicate she was likely to prevail at trial in her claim for temporary disability benefits, and it ordered Employer to pay both past and on-going temporary disability benefits in accordance with the Workers' Compensation Law. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

---

[2] Question 1 asked whether Dr. Robertson agreed that Employee "suffered psychological injury caused by her being threatened at gun point while performing her job duties." Question 3 asked whether Employee "should be restricted from work due to work-related PTSD from September 8, 2017 until further notice from your office." Dr. Robertson responded in the affirmative to both questions.

3

**Analysis**

It is well-settled that an injured worker may be eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Watson v. Labor Smart*, No. 2015-06-1358, 2017 TN Wrk. Comp. App. Bd. LEXIS 13, at *14-15 (Tenn. Workers' Comp. App. Bd. Feb. 3, 2017).

In contesting Employee's claim for temporary disability benefits, Employer argues that the opinion of a clinical psychologist is insufficient to support an award of such benefits. As a result, Employer asserts, Dr. Robertson's opinion is flawed because he relied, in part, on the statements and records of Dr. Macfie, a psychologist, and other providers at Cherokee Health.

The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel addressed this issue in *Selby v. Highways, Inc.*, No. M2002-00340-WC-R3-CV, 2003 Tenn. LEXIS 413 (Tenn. Workers' Comp. Panel May 15, 2003). In *Selby*, the employee sought benefits for an alleged psychological injury at work arising from co-workers' abusive conduct toward him. *Id.* at *3-4. As part of his proof at trial, the employee presented testimony from several experts, including a clinical psychologist, who offered opinions not only as to the cause and permanency of the employee's psychological condition, but also as to the date the employee reached maximum medical improvement. *Id.* at *9-10. In addressing the employer's argument on appeal, the Panel noted that a trial court "cannot base a finding of causation solely upon the opinion of a psychologist." *Id.* at *12. The court also concluded, however, that "this does not . . . completely exclude the testimony of such a witness." *Id.* The Panel then noted that the trial court also considered the testimony of the employee and a psychiatrist in making its determination, which the Panel affirmed on appeal. *Id.* at *13; *see also Skelton v. Robert Shaw Controls Co.*, No. 01S01-9710-CC-00229, 1998 Tenn. LEXIS 609, at *17-18 (Tenn. Workers' Comp. Panel Oct. 26, 1998) (testimony from a clinical psychologist is competent in a workers' compensation case, but such testimony cannot support a finding of causation or permanent medical impairment); *Creasman v. Waves, Inc.*, No. 2017-05-0843, 2018 TN Wrk. Comp. App. Bd. LEXIS 13, at *11 n.1 (Tenn. Workers' Comp. App. Bd. Apr. 16, 2018) ("While psychologists may be treating providers in some circumstances, . . . only a physician may render a causation opinion.").

In *Ball v. North Am. Royalties*, No. 03S01-9411-CV-00112, 1995 Tenn. LEXIS 545 (Tenn. Workers' Comp. Panel Sept. 15, 1995), an injured employee was treated for both orthopedic injuries and psychological injuries. The orthopedic physician placed the employee at maximum medical improvement six months after the work injury, but acknowledged he did not consider the employee's psychological status at the time he made that determination. *Id.* at *4. A clinical psychologist also offered testimony as to

4

the employee's mental status and behavioral impairment, as well as his ability to return to work. *Id.* at *3. The trial court accepted the testimony of the orthopedic physician as to the date of maximum medical improvement and concluded the employer had overpaid temporary benefits for fifty weeks after the date of maximum medical improvement as found by the orthopedic physician. *Id.* at *4. On appeal, however, the Panel reversed that finding, concluding the employer knowingly paid temporary benefits after the date the employee was placed at maximum medical improvement because he was still temporarily disabled during the course of his psychological treatment. *Id.* Thus, although a psychologist is not competent to offer testimony concerning medical causation and the permanency of any impairment, such testimony may be relevant to a trial court's determination of an employee's ability to return to work as it relates to his or her entitlement to temporary disability benefits.

In the present case, as in *Selby*, the trial court considered not only the records of the clinical psychologist, Dr. Macfie, but also the employee's testimony by affidavit and the records of Dr. John Robertson, Employee's authorized treating physician. The trial court further acknowledged and considered that the written inquiry to Dr. Robertson had arguably incorrect or incomplete information in one of its questions, but that Dr. Robertson's responses to the other questions were sufficiently reliable to support an award of temporary disability benefits at this interlocutory stage of the case. Under the circumstances, we conclude the evidence does not preponderate against the trial court's determination that Employee is likely to prevail at trial in establishing her claim for temporary disability benefits. We therefore affirm the trial court's finding on this issue.

Finally, after carefully reviewing the record, we conclude this appeal is not frivolous, and we deny Employee's request for attorneys' fees arising from the appeal.

## Conclusion

Based on the foregoing, we affirm the trial court's order, deny Employee's request for attorneys' fees for a frivolous appeal, and remand this case for further proceedings.

5



**FILED**

**May 29, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:45 A.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Katlyn N. McLaurin | ) | Docket No.  2017-03-1133 |
| | ) | |
| v. | ) | State File No.  69883-2017 |
| | ) | |
| AT&T Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 29th day of May, 2018.

| Name | Certified Mail | First   Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| **Timothy Roberto** | | | | | X | troberto@brownandroberto.com |
| **W. Troy Hart** | | | | | X | wth@mijs.com |
| **Lisa A. Lowe,  Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov